OPINION
Appellant, Ernest White, appeals from the judgment of the Trumbull County Court, Central District.
On March 2, 1998, appellee, Superior Mobile Homes, Inc., d.b.a. Wyngate Manor, filed a complaint for forcible entry and detainer with claim for rent in the Trumbull County Court, Eastern District against appellant. The purpose of the action was to evict appellant from 59 Manor Drive, Wyngate Manor, Brookfield, Ohio, for non-payment of rent. Due to a familial relationship between appellee's counsel and the trial court judge, the case was transferred from the Eastern Division of the Trumbull County Court to the Central Division. The eviction action was heard on March 13, 1998, and a nunc pro tunc judgment entry, filed May 22, 1998, provides, in part:
 "The court finds that the defendant attempted to deposit rental payments in escrow with the Court of Common Pleas Clerk. Said attempted escrow is not in compliance with the Revised Code in that no predicate circumstances are alleged to justify escrow, and jurisdiction is exclusively with the County Court rather than the Common Pleas. The parties stipulate that the defendant has not paid rent to the plaintiff. Therefore, the court orders a writ of restitution to issue."
From this judgment entry, appellant assigns the following error:
 "[1.] The trial court erred in issuing a writ of forcible entry and detainer, by refusing to consider this case in light of the Trumbull County Court of Common Pleas decision in the previous lawsuit between these parties."
In his sole assignment of error, appellant alleges that the trial court erred by evicting appellant "in light of the Trumbull County Court of Common Pleas decision in the previous lawsuit between these parties." Appellant contends that:
 because he has judgment against appellee in the amount of $7,900, which appellee has refused to pay, the right of setoff deems that he need not pay his rent;
 appellee violated R.C. 3733.11(H), hence appellant has no duty to pay his rent and has a right to deposit rent in escrow until the matter is settled;
 he has a right to deposit his rent in escrow because appellee breached his obligations under R.C. 3733.12
(A); and,
 his eviction was retaliatory action and thus barred by R.C. 3733.09(A).
The decision in the prior lawsuit, to which appellant refers, is not included in the record, and no transcript or App.R. 9(C) or (D) statements have been filed.
It is well-established that it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for a determination of the appeal, is filed with the appellate court. App.R. 9(B); Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384.
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp at 199.
In the present case, because appellant failed to provide this court with a record necessary to demonstrate the error that he claims, this court must presume the regularity of the trial court's proceedings.
The trial court's order evicting appellant can also be affirmed without this presumption. The trial court found that appellant attempted to deposit rental payments in escrow with the clerk of the court of common pleas. R.C. 3733.12(B)(1) provides that a mobile home owner may "[d]eposit all rent that is due and thereafter becomes due the park operator with the clerk of court of the municipal or county court having jurisdiction in the territory in which the residential premises are located." Appellant was required to deposit his rent with the Clerk of the Trumbull County Court rather than the Clerk of the Trumbull County Court of Common Pleas. "[T]he statutory requirements for rent escrow proceedings are mandatory." Woodlake Associates v.Heringhausen (Jan. 18, 1991), Wood App. No. WD-89-27, unreported. Hence, appellant's failure to deposit rent in the court with territorial jurisdiction in Brookfield, Ohio is a fatal error.[1]
Appellant's sole assignment of error has no merit.
The judgment of the Trumbull County Court, Central District, is affirmed.
 __________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J.,
O'NEILL, J.,
concur.
[1] Appellant could more properly enforce his judgment by execution rather than attempt to create his own relief through a rent escrow action.